```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PROGRESSIVE INSURANCE COMPANY,
as subrogee of WILLIAM F. WOOD, JR.,

                        Plaintiff,                    MEMORANDUM and ORDER

            — against —                               06 CV 1159 (SLT)(KAM)

GULF STREAM COACH, INC.,

                        Defendant.
----------------------------------------------------------------X
```
**TOWNES, United States District Judge:**

  Plaintiff, Progressive Insurance Company, as subrogee of William F. Wood, Jr. ("Wood"), commenced this action in the Eastern District of New York against defendant, Gulf Stream Coach, Inc. ("defendant" or "Gulf Stream"), alleging causes of action for negligence, breach of express and implied warranties, and design defect. The complaint alleges that Wood purchased a 2004 Gulf Stream motor home from defendant. Subsequently, on or about June 2, 2004, a fire ignited in the motor home, causing damage. Defendant now moves to dismiss the claims against it pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1406(a), or, in the alternative, to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court in Indiana.

  For the reasons set forth below, plaintiff's claims against Gulf Stream are dismissed without prejudice.

## BACKGROUND

  The complaint alleges that Wood purchased a 2004 Gulf Stream motor home from defendant. Subsequently, on or about June 2, 2004, without any fault of Wood, a fire ignited in

the motor home, causing damages. Plaintiff filed the instant action on March 14, 2006. Gulf Stream has not filed an answer or any counterclaims; instead, it moves for an order dismissing the claims against it for improper venue or, in the alternative, transferring this action to a United States District Court in Indiana on the basis that the choice of forum clause in the limited warranty executed by the parties in connection with the sale of the motor home required that this action be transferred or dismissed.

In opposition to the motion, plaintiff responded that, "Since the defendants' [*sic*] motion papers fail to show that the Gulf Stream Coach, Inc. Limited Warranty was presented to the plaintiff at the time of the transaction, or otherwise produce an executed copy of the same, [defendant's] application should be denied." Plaintiff's affirmation, ¶ 2. This Court heard oral argument on November 13, 2007. The defendant was directed to submit the documentation or proceed with an evidentiary hearing on the issue of notice to plaintiff's insured of the limited warranty with the venue selection provision. On March 17, 2008, Gulf Stream submitted the executed copy of the Gulf Stream Limited Warranty.

The Limited Warranty for the subject vehicle was signed by Wood on January 21, 2004. It contained the following provision, which is pivotal to Gulf Stream's motion:

> JURISDICTION AND APPLICABLE LAW
>
> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture.

Limited Warranty, ¶ 6.

The parties do not contest that the motor home was manufactured in the State of Indiana. Plaintiff has made no submissions since the executed Limited Warranty was filed with the Court.

## **DISCUSSION**

Although Gulf Stream bases its motion to dismiss this action on Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), its argument is not literally based on these provisions but is predicated on the existence of a valid forum-selection clause. The decision to proceed under Rule 12(b)(3) appears to be based on district court cases which have applied this rule. *See* Gulf Stream's memorandum in support of its motion for dismissal. However, while some courts in this Circuit have analyzed motions to dismiss based on a forum-selection clause as if they were brought under Rule 12(b)(3), the Second Circuit has analyzed such motions under Rule 12(b)(1), *see, e.g., AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 152 (2d Cir. 1984), and other Circuits have used Rule 12(b)(6). *See, e.g., LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 7 (1st Cir. 1984).

In *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24 (2d Cir. 1997), the Second Circuit acknowledged this split in authority, noting that the circuits had not reached "consensus . . . as to the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause." *Id.* at 28. Recognizing that "there is no existing mechanism with which forum selection enforcement is a perfect fit," *id.* at 29, the Second Circuit "refused to pigeon-hole these claims into a particular clause of Rule 12(b)." *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006). Instead, it established a separate framework for analyzing these cases.

Under this framework, the moving party must first show evidence of "an apparently governing forum selection clause." *Id.* The burden is then on the plaintiff who brought suit in a

-3-

forum other than the one designated by that clause "to make a 'strong showing' in order to overcome the presumption of enforceability." *Id.* (quoting *New Moon Shipping*, 121 F.3d at 29). That burden is "analogous to that imposed on a plaintiff to prove that the federal court has subject matter jurisdiction over his suit or personal jurisdiction over the defendant." *New Moon Shipping*, 121 F.3d at 29. In the early stages of litigation, such a plaintiff "need only make a *prima facie* showing by alleging facts which, if true, would support the court's exercise of jurisdiction." *Id.* (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

In analyzing that preliminary showing, "the facts must be viewed in the light most favorable to the plaintiff." *Id.* (citing *AVC Nederland*, 740 F.2d at 149). "A disputed fact may be resolved in a manner adverse to the plaintiff only after an evidentiary hearing." *Id.* (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). Accordingly, "a party seeking to avoid enforcement of such a contractual clause is . . . entitled to have the facts viewed in the light most favorable to it, and no disputed fact should be resolved against that party until it has had an opportunity to be heard." *Id.* Of course, if the parties agree as to all relevant facts, "the issue is one of law which the court must decide." *Asoma Corp.*, 467 F.3d at 823.

In this case, defendant has met its burden of production by adducing evidence that the executed Limited Warranty included a forum-selection clause. Plaintiff does not dispute this. The language of the clause is unambiguous and expressly provides that "any claims, demands or causes of action for defects or representations of any nature or demands due from such defects or representations shall be in the courts of the State of Manufacture."

Since plaintiff has not made a "strong showing" to overcome the presumption that the forum selection clause in the Limited Warranty is applicable and enforceable, plaintiff's claims against Gulf Stream are dismissed pursuant to F.R.C.P. Rule 12(b). This Court, therefore, need

not address its second, alternative argument for transferring this action to a United States District Court in Indiana.

## **CONCLUSION**

For the reasons stated above, plaintiff's claims against Gulf Stream are DISMISSED without prejudice to refiling them in accordance with the forum-selection clause of the Limited Warranty. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge